IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE EDINBOROUGH,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV209-095

CLYDE WESTON,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently housed at the Federal Correctional Institution in Jesup, Georgia, has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Weston stared "menacingly" at him as he was swinging his handcuffs around his finger. Plaintiff also contends that Defendant Weston walked away, "stopped hesitantly", and told Plaintiff he had "better watch out" because he would lock up Plaintiff. (Compl., p. 2).

A plaintiff states a cognizable claim for relief under <u>Bivens</u> if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. See <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990). Plaintiff has failed to make this showing. In addition, a claim that a prison official made verbal threats against an inmate is not actionable under <u>Bivens</u>. See <u>Rustan v. Rasmussen</u>, 208 F.3d 218, 219 (8th Cir. 2000)(Table). Furthermore, Plaintiff's

Complaint appears to be wholly frivolous. This Court's practice is to dismiss all such complaints. See 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Plaintiff's frivolous Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 10th day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE